|52|693|
|d67|496|

## DAVIS & RANKIN v. THE DEXTER BUTTER AND CHEESE COMPANY.

CORPORATION—*Assumption of Liabilities of Promoters.*   Where a firm
of contractors entered into a written contract with some 56 subscrib-
ers to construct and equip a creamery for $7,000, conditioned that
the subscribers accepting such creamery would pay that amount for
the same, and the written contract had the further provisions that
the firm would "hold each subscriber for the amount he subscribed,
and no more," and that "as soon as $7,000 was subscribed, or in a
reasonable time thereafter, the subscribers would incorporate under
the laws of the state," *held,* that such contract did not limit or pre-
vent the corporation, after it was fully organized and in operation,
from agreeing to assume and pay a balance due to the contractors
not collected from the subscribers, for the construction of the cream-
ery, if such creamery were turned over and accepted by the corpora-
tion upon such an agreement.

*Error from  Cowley  District  Court.*

THIS action was commenced by *Davis & Rankin* against
the *Dexter Butter and Cheese Company,* on the 19th of October,
1889, to recover $1,553.09, being the balance due for con-

structing and completing a cheese factory at Dexter, in Cowley county. The plaintiffs entered into a written agreement with a number of persons to furnish everything, including grounds, and equip with all necessary machinery and fixtures a butter and cheese factory, to be located at Dexter in this state, for which they were to receive $7,000. By the terms of the agreement, the work was to commence as soon as the $7,000 was subscribed, and to be completed within 90 days thereafter. The subscribers agreed to pay their several subscriptions when the factory was completed and accepted. They also agreed that, as soon as the amount of $7,000 was subscribed, or in a reasonable time thereafter, they would incorporate under the laws of the state, fixing the capital stock at not less than $7,000, to be divided into shares of $100 each. The agreement also contained this stipulation: "Davis & Rankin agree to hold each subscriber for the amount he subscribed, and no more." The plaintiffs received the sum of $5,446.91, and there remains due and unpaid the sum of $1,553.09. The plaintiffs, in their amended petition, after setting out the agreement and referring to a copy of the same as exhibit "A," alleged:

"That said butter and cheese factory was, by them, duly completed within the said 90 days from the time said corporation was organized and said subscription was complete; and that pursuant to said agreement said subscribers and promoters duly incorporated, which said corporation was and is known as the Dexter Butter and Cheese Company; and that said butter and cheese factory was duly accepted by the subscribers and by the defendant, after the same was completed and after said corporation had been organized pursuant to said agreement."

They also alleged:

"That said corporation, after having accepted said butter and cheese factory as aforesaid, took possession of the same and assumed control thereof, and has ever since had possession and control thereof, and has owned and still owns said butter and cheese factory, and has operated it and has received the benefits thereof ever since it accepted the same; that said cor-

poration defendant adopted said agreement made by plaintiffs and subscribers and promoters, and has enjoyed and received all of the benefits growing out of the same, and agreed to assume and pay the amounts due plaintiffs on said agreement; that said defendant came into the possession and assumed the ownership of said butter and cheese factory without any consideration passing from it to any person or persons or corporation whatever, save and except its said liability to these plaintiffs; and that most of the subscribers mentioned in exhibit 'A' of the original petition became the incorporators and shareholders in said corporation; and said defendant was fully aware of the debts and burdens resting upon and against said property when it received and accepted the same as aforesaid."

To this amended petition the defendant corporation filed a general demurrer, which was by the court sustained. The plaintiffs elected to stand by their amended petition, and the action was dismissed by the court and judgment rendered against the plaintiffs for costs, to all of which plaintiffs duly excepted, and bring the case here.

*Beach & Torrance*, for plaintiffs in error.
*McDermott & Johnson*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is evident from the provisions of the written contract between Davis & Rankin and the various other parties or subscribers thereto that at the time of its execution it was the arrangement that a private corporation was to be formed by the parties, or some of them, to operate the factory, with a capital stock of not less than $7,000, to be divided into shares of $100 each. The stockholders are the parties who elect the directors or trustees of a corporation at such time and place as the by-laws prescribe, and it is not to be assumed that the directors or trustees will act contrary to the interest or directions of the stockholders. It appears from the petition that, after the Dexter Butter and Cheese Company was organized, it took possession and control of the

factory, and agreed to assume and pay the balance of the money due for the construction thereof. The corporation had the power to make such an arrangement, and the written agreement referred to in the petition does not limit the powers or rights of the corporation.

It is insisted, however, that if the corporation pays the balance claimed, the parties signing the agreement may be called upon to pay more than they subscribed. This does not necessarily follow. If the subscribers who have not paid Davis & Rankin have taken stock and paid for their shares in the corporation, then the corporation ought to have that money in its treasury to apply to the payment of the indebtedness assumed by it. If they have subscribed and not paid, then their stock can be sold and applied to the payment of the debt. If they have not taken any stock, the corporation has obtained a factory worth $7,000 for $5,446.91, and it is only just that it should pay the balance due upon the property. The subscribers who have not paid Davis & Rankin and have not taken any stock in the corporation have no claim or interest in the factory, as stockholders or otherwise.

The judgment will be reversed, and the cause remanded, with direction to the court below to overrule the demurrer to the amended petition.

All the Justices concurring.